IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY L TAYLOR, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:22-CV-00123-TES-CHW |
| STATE OF GEORGIA, *et al.*, | : | |
| Respondents. | : | |
| _____ | : | |

### ORDER AND RECOMMENDATION

*Pro se* Petitioner Jimmy L. Taylor, an individual who has either been incarcerated or "under house arrest" in Houston County since his arrest on April 11, 2018, has filed a document that was docketed as a petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). Petitioner has also filed a motion for a preliminary injunction (ECF No. 3) and a motion requesting that a United States Magistrate Judge conduct all proceedings in this action (ECF No. 4). For the following reasons, it is **RECOMMENDED** that Petitioner's motion for injunctive relief be **DENIED**, and Petitioner will be required to recast his claims on the Court's standard form for a prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In addition, Petitioner will be required to pay the Court's $5.00 filing fee or file a motion to proceed *in forma pauperis* if he wishes to proceed with this case. Petitioner's motion for a Magistrate Judge to conduct all proceedings in this case is **DENIED as moot.**

**ORDER TO RECAST AND TO SUBMIT MOTION TO PROCEED IFP**

As noted above, Petitioner's original pleading in this action was docketed as a Complaint seeking relief pursuant to 28 U.S.C. § 2254. Petitioner's claims are thus more appropriately raised in a petition for federal habeas corpus relief pursuant to 28 U.S.C. § 2241. If Petitioner wishes to proceed with this action, he must therefore recast his petition using the Court's standard § 2241 form and submit it—with either payment of the $5.00 filing fee or a motion for leave to proceed *in forma pauperis* ("IFP")—within **FOURTEEN (14) DAYS** of the date shown on this Order. The Clerk is **DIRECTED** to mail Petitioner copies of the appropriate forms for this purpose. **Petitioner's recast habeas petition will supersede—or take the place of—Petitioner's original Petition (ECF No. 1).** Thus, the Court will not look back to that document or any other documents filed by Petitioner to date to determine whether Petitioner has stated a colorable claim for federal habeas corpus relief pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1] Petitioner should therefore include every fact he wishes the Court to consider and every possible constitutional error or deprivation entitling him to federal habeas corpus relief in his recast petition.

**MOTION FOR PRELIMINARY INJUNCTION**

Petitioner has also filed a motion seeking preliminary injunctive relief in this case. A preliminary injunction or temporary restraining order ("TRO") is a drastic remedy used

---

[1] The Court may apply this Rule to Petitioner's federal habeas petition even if it is construed as one filed pursuant to 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases in the U.S. District Courts.

primarily to preserve the status quo rather than grant most or all of the substantive relief sought in the complaint. *See, e.g., Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983); *Fernandez-Roque v. Smith*, 671 F.2d 426, 429 (11th Cir. 1982).  Factors a movant must show to be entitled to this kind of relief include: (1) a substantial likelihood of ultimate success on the merits; (2) relief is necessary to prevent irreparable injury; (3) the threatened injury outweighs the harm the preliminary injunction or TRO would inflict on the non-movant; and (4) the preliminary injunction or TRO would serve the public interest. *Ingram v. Ault*, 50 F.3d 898, 900 (11th Cir. 1995) (per curiam).[2]

Petitioner's motion largely duplicates the allegations he has made in his Petition, and at this juncture the facts have not been sufficiently developed to conclude that there is a substantial likelihood that Petitioner will ultimately prevail on the merits.  Respondent should also be afforded an opportunity to respond to Petitioner's allegations, and any claims for injunctive relief can be addressed as this case proceeds.  *See* Fed. R. Civ. P. 65. Petitioner may also include any of the grounds for relief he has included in his motion for a preliminary injunction in his Recast Petition.  Accordingly, Petitioner's motion for a preliminary injunction should be denied.

**MOTION FOR A MAGISTRATE JUDGE TO CONDUCT PROCEEDINGS**

Petitioner has also filed a motion requesting that a Magistrate Judge conduct all proceedings in this action.  As the Court previously informed Petitioner, 28 U.S.C. §

---

[2]The standard for obtaining a TRO is the same as the standard for obtaining a preliminary injunction. *See Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001) (per curiam); *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010) (per curiam).

636(c)(1) provides that "[u]pon consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case" when the district court authorizes him to do so. Petitioner appears to recognize in his motion that all parties must consent to have the Magistrate Judge conduct proceedings in this case. Because no other parties have been served in this case, they have not yet provided their consent. Petitioner's motion (ECF No. 4) is therefore moot and is construed at this time as notice of Petitioner's consent to have the undersigned conduct all proceedings in this action pursuant to 28 U.S.C. § 636(c)(1).

## CONCLUSION

For the foregoing reasons, it is **RECOMMENDED** that Petitioner's motion for injunctive relief (ECF No. 3) be **DENIED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the Honorable Tilman E. Self, III, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on factual and legal conclusions to which no objection was timely made. *See* 11th Cir. R. 3-1.

In addition, Petitioner's motion for a Magistrate Judge to conduct all proceedings in this case (ECF No. 4) is **DENIED as moot,** and Petitioner is **ORDERED** to recast his claims on the Court's standard form for a prisoner seeking habeas corpus relief pursuant to

28 U.S.C. § 2241.  Petitioner must also pay Court's $5.00 filing fee or file a motion to proceed *in forma pauperis* if he wishes to proceed with this case.  Petitioner shall have **FOURTEEN (14) DAYS** from the date of this Order to recast his Petition and either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis*.  If Petitioner does not wish to now pursue habeas relief, he should notify the Court of this and/or withdraw his petition within **FOURTEEN (14) DAYS** of the date shown on this Order.  Petitioner is also directed to notify the Court in writing of any change in his mailing address.  **Failure to fully and timely comply with this Order may result in the dismissal of Petitioner's application.**  There will be no service of process in this case until further order.

      **SO ORDERED AND RECOMMENDED**, this 2nd day of May, 2022.

      s/ Charles H. Weigle
      Charles H. Weigle
      United States Magistrate Judge