IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| JIMMY L. TAYLOR, | : | |
| Petitioner, | : | |
| VS. | : | NO. 5:22-CV-00123-TES-CHW |
| STATE OF GEORGIA, *et al.*, | : | |
| Respondents. | : | |
| _____ | : | |

# ORDER

*Pro se* Petitioner Jimmy L. Taylor, an individual who has either been incarcerated or "under house arrest" in Houston County since his arrest on April 11, 2018, has filed a document that was docketed as a petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254 (ECF No. 1). On June 27, 2022, Petitioner's motion for leave to proceed *in forma pauperis* was denied, and Petitioner was ordered to either pay the required filing fee or file a renewed leave to proceed *in forma pauperis*. Petitioner was also directed to notify the Court in writing of any change in his mailing address. Petitioner was given fourteen (14) days to comply, and he was warned that the failure to fully and timely comply with the Court's orders and instructions could result in the dismissal of his Petition. *See generally* Order, June 27, 2022, ECF No. 9.

The time for compliance passed without a response from Petitioner. Accordingly, Petitioner was ordered to respond and show cause why his Petition should not be dismissed for failing to comply with the Court's orders and instructions. Petitioner was given fourteen (14) days to respond, and he was again warned that the failure to fully and

timely comply with the Court's orders could result in the dismissal of his Petition. *See generally* Order, July 20, 2022, ECF No. 10.

The time for compliance has again passed without a response from Petitioner, presumably because the Court's two most recent Orders were returned to the Clerk as undeliverable (ECF Nos. 11, 12). As Petitioner was previously advised, the failure to follow the Court's orders and instructions is cause for dismissal of this case, and Petitioner's failure to update his mailing address is also a failure to prosecute that warrants dismissal. Because Petitioner has failed to comply with the Court's instructions and orders and otherwise failed to diligently prosecute his claims, his Petition is **DISMISSED without prejudice**. *See* Fed. R. Civ. P. 41; *see also Slack v. McDaniel*, 529 U.S. 473, 489 (2000) (noting that the failure to comply with a court order is grounds for dismissal in a habeas case). Although it may be an exercise in futility, the Clerk may mail this Order to the Petitioner at the mailing address provided to the Court.

To the extent that this action can be construed as one that requires a certificate of appealability ("COA"), Petitioner has no absolute entitlement to appeal this dismissal. Before he may appeal, the district court must first issue a COA. *See* 28 U.S.C. § 2253(c)(1); 28 U.S.C. § 2254, Rule 11(a); *see also Reedman v. Thomas*, 305 F. App'x 544, 545 (11th Cir. 2008) (per curiam) (granting COA on issue of whether habeas petition was properly dismissed for failure to comply with court order). When, as here, "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim," a COA will not be issued unless the prisoner can show, at least, "that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 478. Reasonable jurists could not find that a dismissal of the instant action for Petitioner's failure to prosecute and comply with the Court's orders was debatable or wrong. *See Knox v. Morgan*, 457 F. App'x 777, 779 (10th Cir. 2012) (denying COA where district court dismissed habeas petition without prejudice for failing to comply with court orders). Thus, to the extent a COA is necessary, Petitioner is **DENIED** a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (per curiam) (approving denial of COA before movant filed a notice of appeal).

**SO ORDERED**, this 10th day of August, 2022.

S/ Tilman E. Self, III
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**
